(No. 80-CC-2274—

SHIRLEY COPPOTELLI and JEAN DEERING *et al.*, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 30, 1981.*

*Amended opinion filed December 30, 1981.*

MICHAEL J. HOARE and STUART R. BERKOWITZ, for Claimants.

TYRONE C. FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This case involves the matter of attorney fees for Claimants' attorneys who represented approximately 280 employees of the Illinois Secretary of State's office in a class action suit against the Secretary of State.

The suit in question was filed in the United States District Court for the Eastern District (now Southern District) of Illinois against Michael J. Howlett, Illinois Secretary of State, and certain supervisory personnel in the office of the Secretary of State.

Claimants were female driver examiner aides who unsuccessfully applied for or who were available and qualified for the higher position of driver examiner in the Secretary of State's driver's license division. The suit alleged that the Claimants had been discriminated against because of their sex in that females were in practice and policy eligible only for positions as aides, while males were provided jobs as driver examiners.

After approximately five years of pretrial proceedings, just prior to trial, the Secretary of State's office, through its counsel, entered into a stipulation of settlement.

Class members were individually identified, and each individual's monetary share of the settlement was separately computed based upon a payment of $108.80 per month, multiplied by the number of months of that individual's actual employment within the Secretary of State's office after August 19, 1973. Each of the two Claimants was allowed an additional sum of $2,000.00 as plaintiff representatives of the class. Attorney fees were allowed for plaintiffs' counsel in the sum of $109,000.00, plus taxable costs. On May 23, 1980, the United States

District Court entered a consent decree of judgment on the stipulation.

Claimants filed their complaint in the Court of Claims to enforce the judgment of the United States District Court. Respondent filed a stipulation that it believes the awards to be reasonable and proper as to the individual payments and the additional $2,000.00 to the two representative plaintiffs named. Respondent stated, however, that it could not form an opinion on the reasonableness of the award of $109,000.00 in attorney fees.

A commissioner for the Court of Claims held hearings in regard to the attorney fees and filed his recommendation.

The attorney fees allowed were allocated $70,940.00 to Michael J. Hoare and $38,060.00 to Stuart R. Berkowitz, counsel for the plaintiffs in the Federal court action.

The record cites in detail the work the attorneys did in securing the settlement and, in particular, points out that Claimants had attempted to secure other counsel to represent them in this matter but were unsuccessful in securing anyone willing to take the case. The total amount recovered was $371,008.20.

The record also discloses that counsel were able to keep the Claimants from being discharged from their employment positions with the Secretary of State because of threatened reorganization and ultimately were able to secure a settlement for the full amount of pay differential requested.

In view of the fact that the United States District Court has already approved this settlement fixing the

amount of attorney fees and the record made before the commissioner of the Court of Claims shows the time involved by Claimants' attorneys and since no real opposition was made for their claim for fees, the Court approves the stipulation previously approved by the United States District Court in which attorney fees were fixed at $109,000.00, said amount to be divided between the two attorneys as heretofore set forth.

## AMENDED OPINION

HOLDERMAN, J.

The Court, upon further consideration of the opinion heretofore entered in this case, believes an amended opinion is necessary to clarify the intent of the Court in its original opinion.

The Court hereby enters an award in favor of Claimants as shown by the consent decree of judgment on the stipulation, a copy of which is attached hereto and incorporated herein.

The original opinion did not specifically state that the attorney fees in the amount of $109,000.00 and the $4,000.00 payable to the two representative Claimants, Shirley Coppotelli and Jean Deering, was to be in addition to the award of $369,920.00 awarded to Claimants.

Court costs, in an amount not to exceed $100.00, will also be paid by Respondent, making a total award of $483,020.00 in favor of Claimants.